JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Damion McKenzie appeals from the judgment of the trial court convicting him of felonious assault in violation of R.C. 2903.11(A)(1), felonious assault in violation of R.C. 2903.11(A)(2), and the gun specifications accompanying one of the charges. McKenzie was found guilty of both counts of felonious assault and of the gun specifications to the second count following a jury trial. On appeal, McKenzie claims that the judgment was based on insufficient evidence and was contrary to the manifest weight of the evidence. McKenzie also claims that he was denied the effective assistance of trial counsel. We find no merit in McKenzie's assignments of error, and, accordingly, we affirm the judgment of the trial court.
To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1] Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.[2]
To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
As relevant to this case, R.C. 2903.11(A) prohibits a person from knowingly causing serious physical harm to another person or causing physical harm to another by means of a deadly weapon or dangerous ordnance. In this case, McKenzie was accused of firing a gun in the direction of thirteen-year-old Edward Carter and hitting Carter in the ankle. McKenzie does not dispute that Carter suffered serious physical harm, but claims that the evidence did not establish that he was the person who fired the bullet that hit Carter.
The state presented evidence that Carter's uncle, Francis Samuel Johnson, heard gunshots on the night that Carter was injured. He looked out the back door of the house and saw an individual firing a gun in the direction of his nephew. He later identified McKenzie in a lineup as the person who had fired the gun. Several police officers testified that they were in the vicinity and heard gunshots on the evening that Carter was shot. As they were driving to the area where the gunshots originated, they saw an individual run past their cars with a gun in his hand. The officers chased the individual into a wooded area and subsequently apprehended him. Each of the officers identified McKenzie as the person who ran by their cars and who was apprehended in the woods.
The gun used to shoot Carter was never recovered. One of the police officers testified that after McKenzie was arrested, he at first stated that he had shot in self-defense, then stated that someone else had fired the gun and then put the gun in his hand. He said that he threw the gun away while he was running.
Based on the evidence presented at trial and construing that evidence in the light most favorable to the state, we hold that there was sufficient proof to establish each of the elements of felonious assault beyond a reasonable doubt. The eyewitness testimony, as well as McKenzie's statements to the officer, established that McKenzie was the person who fired a gun in Carter's direction and caused serious physical harm to Carter. The fact that no one directly witnessed McKenzie's shot actually hitting Carter does not render the evidence insufficient when the inferences from the evidence are made in the state's favor.
We also hold that the jury's verdict was not against the manifest weight of the evidence. The testimony of the eyewitnesses was, for the most part, completely consistent in the identification of McKenzie as the person who fired the gun in Carter's direction. The fact that no gun was found was explained by McKenzie himself, and the negative gunshot-residue test performed on McKenzie was explained without contradiction by the officer performing the test. We hold that the jury did not lose its way in resolving any slight discrepancies in the testimony.
Finally, McKenzie claims that he was denied the effective assistance of counsel because his trial counsel failed to file a motion to suppress the statements McKenzie made to the officer upon his arrest, and because trial counsel withdrew a motion to suppress the identification made by Johnson from the photograph lineup. The record establishes that counsel did not, in fact, withdraw the motion to suppress the identification testimony. The trial court overruled the motion. McKenzie has not challenged that decision.
Further, the record fails to establish any basis for a motion to suppress McKenzie's statements to the arresting officer. The officer testified that McKenzie was read his rights pursuant toMiranda v. Arizona[4] and that McKenzie voluntarily made the statements to the police. The failure to file a meritless motion to suppress does not provide a basis for a claim of ineffective assistance of counsel.[5]
We hold that none of the assignments of error has merit.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _________________ Hildebrandt, P.J.
Gorman and Sundermann, JJ.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[3] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720; State v. Thompkins (1997), 78 Ohio St.3d 380,386, 678 N.E.2d 541, 546.
[4] (1966), 384 U.S. 436, 444, 86 S.Ct. 1602, 1612.
[5] See State v. Flors (1987), 38 Ohio App.3d 133, 139,528 N.E.2d 950, 956.